UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE OPTIVER COMMODITIES LITIGATION

Master File No.
08-CV-6842 (LAP)
ECF Case

This Document Relates To:   All Actions

Chief Judge Loretta A. Preska

COURTESY COPY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/15

# [PROPOSED] FINAL ORDER AND JUDGMENT

This matter came for a duly-noticed hearing on June 2, 2015 (the "Fairness Hearing"), upon the Plaintiffs' Motion for Final Approval of Settlement with Optiver US LLC, Optiver Holding B.V., Optiver VOF, Christopher Dowson, Bastiaan van Kempen, and Randal Meijer (collectively, "Defendants") in the above captioned action (the "Action"), which was joined and consented to by the Defendants. Due and adequate notice of the Settlement Agreement, dated July 24, 2014 (the "Settlement Agreement") having been given to the Members of the Settlement Class, the Fairness Hearing having been held and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Final Order and Judgment hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. For purposes only of the Settlement, the Court hereby finally certifies the Settlement Class, as defined in the Court's January 7, 2015 Order Preliminarily Approving Proposed Settlement, Scheduling Hearing for Final Approval thereof, and Approving the

Proposed Form and Program of Notice to the Settlement Class. Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

3. This Court has personal jurisdiction over the Parties and all Settlement Class Members and subject matter jurisdiction over the Action to approve the Settlement Agreement and all Exhibits thereto.

4. The Court finds that the Mailed Notice, the Publication Notice, the Website, and the Class Notice Plan implemented pursuant to the Settlement Agreement (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the Plan of Allocation, and of Class Counsel's application for the Attorneys' Fees Award and any Incentive Award, and for reimbursement of expenses associated with the Action; (c) provided a full and fair opportunity to all Members of the Settlement Class to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process, and any other applicable rules or law. Among other things, the Settlement Administrator estimates that the Class Notice Plan resulted in sending notice of the Settlement to approximately 1,245 Settlement Class Members, of which over 900 were sent via direct mail to Settlement Class Members, including all large traders, and/or their clearing brokers. (*See* Dkt. 72, ¶ 26) According to the CFTC's Commitments of Traders report for March 20, 2007, more than 92% of Natural Gas futures contracts positions were held by large traders, for Gasoline, more than 90%, and for Heating Oil, more than 86%. (*Id.*) Accordingly, the notice of the Settlement likely reached most if not all of the holders of the affected energy

futures contracts. Based upon the Defendants' submission to the Court dated May 29, 2015, the Court further finds that the Defendants have complied with the obligations imposed on them under the Class Action Fairness Act of 2005, Pub. L. 109-2, Feb. 18, 2005, 119 Stat. 4.

5. The Court finds that no members of the Settlement Class have validly requested to be excluded from the Settlement Class.

6. The Court finds that no objections to the proposed Settlement have been submitted. Notwithstanding the lack of objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement.

7. It is hereby determined that all Members of the Settlement Class are bound by the Settlement Agreement and this Final Order and Judgment, and all of their claims, as provided under the Settlement Agreement, are hereby dismissed with prejudice and released.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including the Plaintiffs. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, and that Class Counsel and the Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

9. Notwithstanding the entry of this Final Order and Judgment, if the Settlement Agreement is validly terminated by Plaintiffs or Optiver US, is disapproved in whole or in part by the Court, any appellate court or any other court of review, or does not become final, then the provisions of this Final Order and Judgment dismissing Plaintiffs' claims shall be null and void; the Plaintiffs' claims shall be reinstated; Defendants' defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with them, including but not limited to any Requests for Exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions before the Settlement Agreement was signed. Notwithstanding the language in this Section, any provision in the Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

10. The Settlement Fund has been established as a trust and shall be established as a fiduciary account (the "Settlement Fiduciary Account"). The Court further approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

11. Without affecting the finality of the Final Order and Judgment for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Order and Judgment. The Court also retains exclusive jurisdiction to resolve any disputes

4

that may arise with respect to the Settlement Agreement, the Settlement, or the Settlement Fund, to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Order and Judgment, and to consider or approve the amounts of distributions to Members of the Settlement Class. In addition, without affecting the finality of this judgment, the Parties and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding or dispute arising out of or relating to this Final Order and Judgment or the Settlement Agreement. Any disputes involving the Parties or Settlement Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court, whose rulings on any such matters shall be final, binding, and non-appealable.

12. Each Settlement Class Member must execute a release and covenant not to sue in conformity with Section 8 of the Settlement Agreement, as incorporated into the Proof of Claim form, in order to receive the Settlement Class Member's share, if any, of the Net Settlement Fund. The Court hereby confirms the appointment of A.B. Data, Ltd. as Settlement Administrator, and directs that the Settlement Administrator shall ensure that each Proof of Claim form provided to Settlement Class Members contains a copy of such release and covenant not to sue. However, each Settlement Class Member's claims shall be released pursuant to Section 8 of the Settlement Agreement, regardless of whether the Settlement Class Member executes a release and covenant not to sue pursuant to this paragraph 12.

13. The Court hereby approves the Releasing Parties' releases of claims as set forth in Sections 8(a) and 8(b) of the Settlement Agreement as of the Effective Date.[1]

---

[1] Section 8(a) of the Settlement Agreement reads as follows:

> Upon the Effective Date, each and every Settlement Class Member who has not timely excluded himself, herself or itself from the Settlement, pursuant to Section 10, and each of that Settlement Class Member's past, present or future parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, attorneys, spouses, insurers, beneficiaries, employees, officers, directors, agents, independent contractors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns and each and any of their respective parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, attorneys, insurers, beneficiaries, employees, officers, directors, agents, independent contractors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns (together the "Releasing Parties"), releases and forever discharges, to the fullest extent permitted by law, the Released Parties from and against any and all present, past, or future claims, demands, debts, damages, losses, offsets, obligations, warranties, costs, fees, penalties, expenses, whenever incurred, rights of action, suits, and causes of action of every kind and nature whatsoever, whether based on contract, tort, federal, state or foreign law, statutory, or other legal or equitable theory of recovery, liabilities of any nature and kind whatsoever, whether known or unknown, suspected or unsuspected, existing, or claimed to exist, and whether arising in the past or future, in law or in equity, that such Settlement Class Member ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, in any way arising from or related to, in full or in part and whether or not asserted in the Action, (i) any of the facts alleged in the Action or (ii) holding or transacting in Class Contracts (collectively, the "Released Claims"). Each Releasing Party further covenants not to sue any of the Released Parties for any of the Released Claims.

Section 1(ff) of the Settlement Agreement defines "Released Parties" as follows:

> The "Released Parties" shall mean Defendants, each of their past, present or future parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, attorneys, spouses, insurers, beneficiaries, employees, officers, directors, agents, independent contractors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns, and each and any of their respective shareholders, parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, assigns, attorneys, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, alter egos, trustees, associates, heirs, executors, administrators and/or assigns.

Section 8(b) of the Settlement Agreement reads as follows:

> In addition, upon the Effective Date, each Releasing Party hereby expressly waives and releases any and all provisions, rights, and benefits conferred by §1542 of the California Civil Code, which reads:
>
>> **Section 1542. General release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**
>
> From the Effective Date, each Releasing Party also expressly waives and releases any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to §1542 of the California Civil Code.
>
> Each Releasing Party may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Section 8, but each Releasing Party, through this Settlement Agreement, and with the ability to seek independent advice of counsel, expressly waives and fully, finally and forever settles and releases, as of the Effective Date, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. From the Effective Date, the releases herein given by the Releasing Parties shall be and remain in effect as full and complete releases of

14. The Court further approves the Released Parties' releases of claims set forth in Section 8(d) of the Settlement Agreement.[2]

15. The Court declares that the Settlement Agreement and the Final Order and Judgment shall be binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings encompassed by the Released Claims that are maintained by or on behalf of the Plaintiffs or any other Settlement Class Members, and shall also be binding on their respective past, present or future parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, attorneys, spouses, insurers, beneficiaries, employees, officers, directors, agents, independent contractors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns heirs, and anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether the Settlement Class Member previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Settlement Class Member never received actual notice of the Action or this proposed Settlement.

16. The Court permanently bars and enjoins the Plaintiffs, and all Settlement Class Members from (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (b) filing, commencing, or

---

the claims set forth in the Action, notwithstanding the later discovery or existence of any additional or different facts relative hereto or the later discovery of any additional or different claims that would fall within the scope of the release provided in Section 8(a) of this Settlement Agreement, as if such facts or claims had been known at the time of this release.

[2] Section 8(d) of the Settlement Agreement reads as follows:

The Released Parties fully, finally and forever discharge Plaintiffs, the Settlement Class and Class Counsel from all claims by Defendants relating to, arising from, or connected with the institution, prosecution, or

7

prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; or (c) organizing Settlement Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on the Released Claims.

17.     Neither the Settlement Agreement (including but not limited to its exhibits), whether or not it shall become final, nor any negotiations, documents and discussions associated with it, nor the Final Order and Judgment is or shall be deemed or construed to be an admission, adjudication or evidence of (a) any violation of any statute or law or of any liability or wrongdoing by the Defendants or any Released Party, (b) the truth of any of the claims or allegations alleged in the Action, (c) the incurrence of any damage, loss or injury by any Person, (d) the existence or amount of any artificiality, or (e) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither the Settlement Agreement (including its exhibits), whether or not it shall become final, nor any negotiations, documents and discussions associated with it, nor the Final Order and Judgment, may be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action in which the Settlement Agreement is asserted as a defense. The Parties, without the need for approval from the Court,

---

assertion of the Action.

may adopt such amendments, modifications, and expansions of the Settlement Agreement and all Exhibits thereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of Settlement Class Members.

18. The Court finds that, during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. Any data or other information provided by Settlement Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Class Counsel, experts or consultants acting on behalf of the Settlement Class. In no event shall a Settlement Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

19. The proposed Plan of Allocation, the Proof of Claim form, the Request for Exclusion form, and the Supplemental Agreement are each approved as fair, reasonable and adequate.

20. The Court has reviewed Class Counsel's petition for the Attorneys' Fees Award. The Court determines that an attorneys' fee of [$4.95 million] ~~% of the Settlement Fund~~ is fair, reasonable, and adequate and that Class Counsel should be paid $237,935.27 as reimbursement for their expenses. [initialed: LAP]

21. The Court has further reviewed and approved the Incentive Award as constituting a fair, reasonable, and adequate sum of money.

22. The Action, including each claim in the Action, is hereby dismissed with prejudice on the merits as to the Defendants and without fees or costs.

9

23.  The Court, finding no just reason for delay, directs pursuant to Rule 54(b) of the Federal Rule of Civil Procedures that the judgment of dismissal as to the Defendants shall be final and entered forthwith.

24.  The word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

**IT IS SO ORDERED.**

Signed this 22nd day of June, 2015, at the Courthouse for the United States District Court for the Southern District of New York.

*/s/ Loretta A. Preska*
The Honorable Loretta A. Preska
United States District Court Judge