UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE OPTIVER COMMODITIES LITIGATION | Master File No. 08-CV-6842 (LAP) ECF Case |
| This Document Relates To:   All Actions | Judge Loretta A. Preska |

# ~~[PROPOSED]~~ ORDER - A

WHEREAS, the Court previously entered an Order for Distribution of Net Settlement Fund (ECF No. 97) ("Distribution Order");

WHEREAS, the Distribution Order approved "a reserve fund of $200,000 to be created and, if equitable, distributed to Settlement Class Members within one hundred fifty days of the initial distribution of the Net Settlement Fund or as otherwise ordered by the Court." (ECF No. 97, ¶5);

WHEREAS, on March 4, 2021, Class Counsel submitted a status report of the initial distribution to the Court and requested therein that the Court grant an additional six months from the time set forth in the Distribution Order to permit Class Counsel and the Settlement Administrator to continue efforts to locate Settlement Class members with uncashed checks (ECF No. 98);

WHEREAS, the Distribution Order also provided that "[i]f the distribution contemplated by this Order does not result in a full and final distribution of all

1

settlement funds associated with the Settlement, then Class Counsel shall report back to the Court and seek approval for a final distribution of the remaining settlement monies" (ECF No. 97, ¶8);

WHEREAS, on June 8, 2022, Class Counsel filed with the Court a motion stating that the initial distribution of the Net Settlement Fund has been completed (except for one check issued to a missing Settlement Class member); requesting that the Court enter an Order declaring certain established claimants have waived their interests in the proceeds of the Settlement; and requesting (a) payment of the entire reserve fund previously approved by the Court and created herein to eligible Settlement Class members, or (b) payment of a portion of the reserve fund totaling $160,000.00 plus $3,042.39 in uncashed checks from the initial distribution of the of the Net Settlement Fund herein to eligible Settlement Class members, and payment of $20,649.86 to Class Counsel and $19,350.14 to the Settlement Administrator for administrative fees and costs; and

WHEREAS, the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

1.This Order hereby incorporates by reference the definitions in the Stipulation and Agreement of Settlement, filed April 17, 2015 (ECF No. 72-1) and all terms used herein shall have the same meanings as set forth therein.

2.The Settlement Administrator correctly distributed the proceeds from the Net Settlement Fund subject to the Final Judgment and Order of Dismissal, dated June 22, 2015 (ECF No. 93) (the "Judgment") to established claimants at their proper addresses beginning on October 15, 2020.

3.The unclaimed funds from uncashed checks shall not revert to Defendants and does not constitute abandoned property. This is because, among other reasons, Defendants have no reversion rights under the Settlement Agreement.  The remainder interests in such funds are held by established claimants. Established claimants are those Settlement Class members who submitted valid Proofs of Claim (*i.e.*, those Proof of Claim forms that accompanied the Notice of Proposed Settlement of Class Action, May 19, 2015 Hearing Thereon, and Class Members' Rights and were approved by the Settlement Administrator as submitted, properly completed, and adequately supported) and whose claims were found by the Settlement Administrator to be entitled to a distribution under the Plan of Allocation.

4.  The Settlement Administrator and Class Counsel have made reasonable efforts to locate the established claimants who have not cashed their checks representing their respective distributive shares of the proceeds from the Settlement subject to the Judgment.  One established claimant has not cashed his check or otherwise acted since the initial distribution of the Net Settlement Fund in October 2020 and six established claimants have expressly refused their respective Settlement checks.

5.  The names and distributive shares of the seven (7) established claimants who have not cashed their checks from the proceeds of the Settlement subject to the Judgment are set forth in Exhibit A hereto.

6.  The unclaimed funds from the uncashed checks from the proceeds of the Settlement subject to the Judgment are not subject to reversion because Defendants have no reversion rights under the Settlement Agreement. Stipulation and Agreement of Settlement, filed April 17, 2015 (ECF No. 72-1), *passim*; Plaintiffs' Memorandum in Support of Motion for Final Approval of Class Action Settlement, filed April 17, 2015 (ECF No. 71), at p. 11 ("There will be no reversion rights to Defendants under the Settlement Agreement.").

7.  Each of the six established claimants who expressly refused their Settlement check and elected not to accept their respective distributive shares from the proceeds of the Settlement subject to the Judgment has voluntarily waived their

4

right to any such distributive share. The names of such established claimants are as follows: (a) Good Steward Trading Company SPC (Claim No. 25732410); (b) Goldman Sachs FBO Global Alpha LP - GTIA Strategy FXPB MS (Claim No. 26828982, Subclaim No. 6); (c) Goldman Sachs FBO Dynamic Risk Onshore - GTIA FXPB MS (Claim No. 26828982, Subclaim No. 8); (d) Goldman Sachs FBO Global Opportunities Fund – Commodity Account Onshore (Claim No. 26828982, Subclaim No. 11); (e) Goldman Sachs FBO Global Opportunities Fund – Commodity Account Onshore (Claim No. 26828982, Subclaim No. 12); and (f) Goldman Sachs FBO GS Commodity Opportunities Fund Offshore, Ltd. (Claim No. 26828982, Subclaim No. 14).  *See* Exhibit A hereto.

8.     Under the Notice of Proposed Settlement of Class Action, 2014 Hearing Thereon, and Class Members' Rights, Class members were obligated to notify the Settlement Administrator in writing of a change in their address.  ECF No. 72-3, filed April 17, 2015, at p. 15. In addition, the electronic claims filing guidelines for the Proof of Claim and Release provided that "it is the sole responsibility of the filing party to maintain up-to-date, complete contact information with the Claims Administrator."  Electronic Claims Filing Guidelines, Electronic Filing Requirements, § I, p. 1, at http://www.nymextassettlement.com/. In submitting his Proof of Claim to the Settlement Administrator, Claimant No. 25732451 agreed that further communication from the Claims Administrator may

be conducted by email, and accepted sole responsibility to ensure the email address for the claimant was updated in the event the email address on the master Proof of Claim and Release should change.

9. The established claimant who is the payee of the sole undeposited check of the proceeds of the Settlement subject to the Judgment has not timely cashed his check or otherwise acted since the initial distribution of the Net Settlement Fund by the Settlement Administrator beginning on October 15, 2020.

10. The efforts of Class Counsel and the Settlement Administrator in seeking to locate and contact the sole established claimant (or his representative) who has failed to timely cash his check or otherwise act since the initial distribution of the Net Settlement Fund demonstrate that such claimant's address and contact information have become stale and would require substantial additional efforts to update and verify, with no assurance of success.

11. The sole established claimant (or his representative) who has not timely cashed his check or otherwise acted since the initial Net Settlement Fund has waived his rights to any interest in his distributive share of the proceeds of the Settlement subject to the Judgment. The name of such claimant is as follows: Michael Rothman & Mark Walsh (Claim No. 25732451). *See* Exhibit A hereto.

12. The Court hereby approves the payment of the reserve fund previously approved by the Court (ECF No. 97, ¶5) and created herein to eligible

6

Settlement Class members, excluding the established claimants who have waived their right to any interest in the Settlement approved by the Final Judgment and Order (ECF No. 93), *i.e.*, to the remaining established claimants

13. The Settlement Administrator shall include the funds that were due the foregoing seven (7) established claimants until they waived same, in the distribution of the reserve fund previously approved by the Court to the remaining established claimants (the "final distribution"). *See* ECF No. 97.

14. The Settlement Administrator and Class Counsel may close the Net Settlement Fund, without further order of the Court, if it is appropriate to do so after the distribution of the reserve fund and the payment of any and all taxes, subject to the filing of a final statement of the status of the Net Settlement Fund.

15. To the extent that the final distribution does not result in a full and final distribution of the remaining funds in the Net Settlement Fund, there shall be a further distribution of any remaining monies in the Net Settlement fund on a *pro rata* basis to eligible Settlement Class members (a) who cashed their check as part of the initial and final distributions and (b) whose *pro rata* share of the remaining Net Settlement Fund is greater than or equal to $10. To the extent that such further *pro rata* distribution would not be cost effective, Plaintiffs will report to the Court and recommend an alternative final distribution of any remaining funds in the Net Settlement Fund.

7

16.  Class Counsel is directed to rely upon the Settlement Administrator in all respects for the calculation of the amounts of and the sending of the checks to the remaining established claimants at their last address reflected on the Settlement Administrator's records and for the final distribution.  The Settlement Administrator and Class Counsel are hereby released and discharged from all claims by any Class Members or other persons relating to the distribution and/or holding of the Net Settlement Fund, except that Class Counsel and the Settlement Administrator must comply with this Order.

**IT IS SO ORDERED**.

Signed this 10 day of June, 2022, at the Courthouse of the United States District Court for the Southern District of New York.

*Loretta A. Preska*

Hon. Loretta A. Preska　　6/10/2022
United States District Judge

8

# EXHIBIT A

| Claim ID | Sub-Claim ID | Claimant | Check Amount | Status |
|---|---|---|---|---|
| 25732410 | 0 | Good Steward Trading Company SPC | $265.58 | Refused |
| 26828982 | 6 | Goldman Sachs FBO Global Alpha LP - GTIA Strategy FXPB MS | $22.96 | Refused |
| 26828982 | 8 | Goldman Sachs FBO Dynamic Risk Onshore - GTIA FXPB MS | $44.64 | Refused |
| 26828982 | 11 | Goldman Sachs FBO Global Opportunities Fund – Commodity Account Onshore | $1,088.88 | Refused |
| 26828982 | 12 | Goldman Sachs FBO Global Opportunities Fund – Commodity Account Onshore | $1,442.76 | Refused |
| 26828982 | 14 | Goldman Sachs FBO GS Commodity Opportunities Fund Offshore, Ltd. | $27.22 | Refused |
| 25732451 | 3 | Michael Rothman & Mark Walsh | $150.53 | Returned |
| | | | $3,042.57 | |

9